NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1982
_____

UNITED STATES OF AMERICA

v.

JOHN PURCELL, a/k/a Jack Purcell

John Purcell,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-05-cr-00709-001)
District Judge:  Honorable Jan E. DuBois
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
March 18, 2013

BEFORE: FUENTES, CHAGARES and BARRY, *Circuit Judges*

(Opinion Filed: April 10, 2013)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*.

        John Purcell appeals the District Court's Order denying his motion to correct,

vacate, or set aside judgment filed under 28 U.S.C. § 2255, and its Order denying his

motion for reconsideration.  We will affirm.

I.

Because we write primarily for the parties, who are well acquainted with this case, we recite only the facts essential to our disposition of this appeal. On December 14, 2005, John Purcell was charged by a grand jury in the Eastern District of Pennsylvania with one count of conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846, and one count of manufacturing methamphetamine in violation of 21 U.S.C. § 841. On July 13, 2006, approximately two weeks prior to Purcell's scheduled trial date, Kenya Mann, the Assistant United States Attorney assigned to prosecute the case, filed an Information under 21 U.S.C. § 851 ("§ 851 Information").[1] The Information alleged that Purcell had two prior felony drug convictions, making him a career offender and subjecting him to a mandatory life sentence if convicted of the crimes charged in the Indictment. Purcell's trial counsel, proceeding under the belief that Purcell faced a statutorily mandated sentence of life imprisonment regardless of whether he pled guilty or not, failed to enter into plea negotiations on Purcell's behalf. Purcell proceeded to trial, and was convicted on both counts. However, in reviewing Purcell's two prior drug convictions in advance of sentencing, the United States Probation Office determined that they were related. As a result, the prior convictions comprised only one offense under § 841(b)(1)(A), resulting

---

[1] Under 21 U.S.C. § 851(a)(1), "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon." The statutes under which Purcell was convicted—21 U.S.C. § 841(a)(1), (b)(1)(A) and 21 U.S.C. § 846—are both codified within the same part of the United States Code as 21 U.S.C. § 851.

in a mandatory minimum sentence of 240 months rather than life imprisonment. The District Court ultimately imposed the mandatory minimum sentence of 240 months' imprisonment. Both sides acknowledge that if no § 851 Information had been filed, the mandatory minimum sentence would have been 120 months' imprisonment.

Purcell subsequently filed a motion to correct, vacate, or set aside his conviction under 28 U.S.C. § 2255, alleging, *inter alia*, that his trial counsel was ineffective for failing to pursue plea negotiations with the government. Purcell also moved for discovery in order to prove that, if his lawyer had attempted to negotiate a plea agreement involving the withholding of the § 851 Information, the government would have been responsive to such a request.

The District Court held an evidentiary hearing on the motions on February 24, 2009. In advance of the hearing, a Department of Justice policy memorandum was submitted into evidence by the government. The memorandum makes clear that, while prosecutors are expected to charge the most serious readily provable offense supported by the facts of the case, along with all applicable statutory enhancements, they have the discretion to withhold the filing of a § 851 Information in certain situations. However, at the hearing, both Mann and her supervisor, Narcotics Section Chief Thomas Perricone, testified emphatically that the government would not have considered withholding the filing of a § 851 Information in Purcell's case, even if he had offered to plead guilty. In addition, Purcell's trial counsel testified that he never asked the government to withhold the filing of a § 851 Information because he believed that such a request would not have been fruitful.

3

Following the hearing, the District Court denied Purcell's § 2255 motion in part, holding that:

> Even assuming (1) that the Court credits defendant's allegation that he would have pled guilty and (2) that the Court would have accepted defendant's plea, defendant has failed to establish a reasonable probability . . . that the government would have agreed to withhold the filing of a § 851 Information.

*United States v. Purcell*, 667 F. Supp. 2d 498, 512 (E.D. Pa. 2009). The Court noted that it found "both Mann's and Perricone's testimony on this issue credible," and concluded that "any deficient performance on the part of trial counsel which caused defendant to proceed to trial instead of pleading guilty did not prejudice the defendant." *Id.* at 513.[2]

With respect to Purcell's discovery motion, the District Court ordered the government to produce any writings detailing the government's policies for the filing of a § 851 Information and any notes concerning plea discussions in this specific case. However, it denied Purcell's discovery request for "Information concerning the identity of cases in which defendants were eligible for enhancement under 21 U.S.C. § 851, but in which such enhancement was withheld," reasoning that Purcell had "made no showing that the requested discovery would rebut the government's evidence concerning its policy of filing § 851 Informations" and that in any event, "evidence of the government's actions in other cases would be of little or no evidentiary value in determining what the government would have done in this case." *Id.* at 519, 524.

---

[2] The District Court granted Purcell's § 2255 motion with regard to his claim that his trial counsel was ineffective for failing to file a direct appeal, and Purcell was granted leave to file and serve a notice of appeal *nunc pro tunc* within 30 days. *Id.* at 523.

Purcell filed a motion for reconsideration of these decisions, which was denied. He has timely filed this appeal.

## II.

The District Court had jurisdiction under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.[3] With respect to Purcell's § 2255 motion, we exercise plenary review over the District Court's legal conclusions, and apply the clearly erroneous standard to its factual findings. *United States v. Cepero*, 224 F.3d 256, 258 (3d Cir. 2000) (en banc). With respect to Purcell's motion for discovery, the District Court's decision is reviewed for abuse of discretion. *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 274 (3d Cir. 2004).

On appeal, Purcell argues that the District Court was obliged to do more than simply rely on the testimony of the prosecutors concerning how they would have reacted had Purcell's trial counsel attempted to negotiate a plea agreement. Purcell also argues that without the benefit of the requested discovery, it was virtually impossible for him to contest the testimony of the government's witnesses and establish prejudice.

Having reviewed the carefully crafted opinion of the District Court dated October 21, 2009, denying Purcell's § 2255 motion in part and denying his motion for discovery

---

[3] The District Court issued a Certificate of Appealability ("COA") "with respect to the claim in the § 2255 Motion that trial counsel was ineffective for failing to properly advise defendant with regard to his sentencing exposure and for failing to pursue plea negotiations with the government." *Id.* at 523. However, the court did not specifically issue a COA with respect to Purcell's motion for discovery. The government argues that, as a result, we are without jurisdiction to consider this issue. We need not resolve this dispute, for we find that even if the appeal were permitted, the District Court's decision was proper.

in part, and its opinion of March 10, 2010, denying Purcell's motion for reconsideration of the October 21 Order, we hereby affirm substantially for the reasons stated by the District Court. Under the circumstances presented, we cannot say that the District Court's decision to rely on the prosecutors' testimony regarding the § 851 Information was clear error, nor can we say that its decision to deny Purcell's motion for discovery was an abuse of discretion.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.